1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                           SAN JOSE DIVISION
11

12  IN RE: APPLE INC. DEVICE            ) Case No. 5:18-md-02827-EJD
    PERFORMANCE LITIGATION              )
13                                      ) **CLASS ACTION**
                                        )
14                                      ) **[AMENDED ~~PROPOSED~~] JUDGMENT**
15  _____)
                                        )
16  This Document Relates to:           )
                                        )
17         ALL ACTIONS.                 )
                                        )
18  _____)
19
20
21
22
23
24
25
26
27
28

On March 17, 2021, the Court signed and entered its Order Granting Named Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 608) and Order Granting in Part Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (Dkt. 609) (together referred to herein, and for purposes of the Settlement Agreement, as the "Final Approval Order") in the above-captioned matter as to the following class of persons:

> *All former or current U.S. owners of iPhone 6, 6 Plus, 6s, 6s Plus, 7, 7 Plus, and SE devices running iOS 10.2.1 or later (for iPhone 6, 6 Plus, 6s, 6s Plus, and SE devices) or iOS 11.2 or later (for iPhone 7 and 7 Plus devices), and who ran these iOS versions before December 21, 2017.*

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the specified class of persons (excluding the individuals who validly and timely requested exclusion from the Settlement Class, as identified in Exhibit A hereto), the Named Plaintiffs, and Defendant Apple Inc. on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

1. For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement.

2. Payments to Settlement Class Members under the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement Agreement.

3. As of the Effective Date, the Settlement Class Members and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive,

exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Accordingly, the Settlement shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

4. As of the Effective Date, the Named Plaintiffs (including the non-U.S. Named Plaintiffs) and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall have fully, finally, and forever released, relinquished, and discharged any and all past, present, and future claims, actions, demands, causes of action, suits, debts, obligations, damages, rights and liabilities, that were brought, could have been brought, or are related to the same facts underlying the claims asserted in the Actions regarding the iPhone devices at issue, known or unknown, recognized now or hereafter, existing or preexisting, expected or unexpected, pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, territorial, or local law, statute, ordinance, or regulation), against the Released Parties, for any type of relief that can be released as a matter of law, including, without limitation, claims for monetary relief, damages (whether compensatory, consequential, punitive, exemplary, liquidated, and/or statutory), costs, penalties, interest, attorneys' fees, litigation costs, restitution, or equitable relief. Class Counsel and non-U.S. Named Plaintiffs hereby represent and warrant that the non-U.S. Named Plaintiffs have the capacity to execute such a release under the applicable laws of their respective jurisdictions. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Protective Orders.

5. As of the Effective Date, Apple shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other claims arising out of the initiation or prosecution of the MDL Action that are known to Apple as of the Effective Date, against the Named Plaintiffs, Class Counsel, and Plaintiffs' Executive Committee and Plaintiffs' Steering Committee pursuant to the Order Consolidating Related Actions and Appointing Interim Co-Lead Plaintiffs' Counsel and Executive and Steering Committees (Dkt. 100). Notwithstanding the

1  foregoing, this release shall not include any future claims relating to the continued enforcement of
2  the Settlement, the Protective Orders, and all orders construing the Stipulated Protective Order,
3  including but not limited to Dkt. 350.  This release does not constitute a general release.

4    6.    As of the Effective Date, the Settlement Class Members and the Named Plaintiffs
5  shall have fully, finally, and forever released, relinquished, and discharged all claims of abuse of
6  process, malicious prosecution, violations of Federal Rule of Civil Procedure 11, and any other
7  claims arising out of the defense of the MDL Action that are known to the Settlement Class
8  Members and/or the Named Plaintiffs as of the Effective Date, against Apple's attorneys, legal
9  representatives, and advisors, including Defense Counsel.  Notwithstanding the foregoing, this
10 release shall not include any future claims relating to the continued enforcement of the Settlement,
11 the Protective Orders, and all orders construing the Stipulated Protective Order, including but not
12 limited to Dkt. 350.  This release does not constitute a general release.

13   7.    The MDL Action, including all actions consolidated into the MDL Action and all
14 claims asserted in the actions, are settled and dismissed on the merits with prejudice (with the
15 exception of the claims asserted in *Corporación Nacional de Consumidores y Usuarios De Chile*
16 *v. Apple, Inc.*, Case No. 5:18-cv-02527-EJD, which are not settled or dismissed with prejudice).

**JUDGMENT APPROVED AS TO FORM:**

_____
Hon. Edward J. Davila
United States District Court

**JUDGMENT ENTERED:** ___March 23_____, 2021

By: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA